UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**GABRIELA CRUZ,**

Plaintiff,

**v.** **Case No. 26-C-193**

**ANDRA GROUP LP,**

Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

---

Upon consideration of Plaintiff's Motion for Default Judgment, and having reviewed the record, the Court makes the following findings.

This is an action for injunctive relief and attorneys' fees and costs pursuant to 42 U.S.C. § 12182 *et seq.* (Americans with Disabilities Act or ADA). Plaintiff is visually impaired and cannot use a computer without the assistance of a screen reader. Defendant operates a website which sells women's intimate apparel. This Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331 for Plaintiff's claims arising under 28 U.S.C. § 12182 *et seq.*, based on Defendants' violations of Title III of the Americans with Disabilities Act.

Pursuant to the provisions of Rule 55(b)(2) of the Federal Rules of Civil Procedure, when a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, such as Defendant in this case, a default shall be entered against that party. Defendant was served with the summons and complaint on May 15, 2026. Dkt. No. 8. Defendant failed to file an answer. Therefore, Plaintiff filed a Request for an Entry of Default. A Clerk's Default was then entered against Defendant on July 13, 2026. In this

instance, Defendant was properly served with the complaint filed herein and failed to respond in any manner. Therefore, a final default judgment is hereby entered by this Court against Defendant.

When the Court determines that a defendant is in default, the defendant is liable for each cause of action in the complaint. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). To state a claim under Title III of the ADA, the plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against the plaintiff on the basis of her disability. *Mohammed v. DuPage Legal Assistance Found.*, 781 F. App'x 551, 552 (7th Cir. 2019). Here, Plaintiff qualifies as a disabled person within the meaning of the ADA, as she alleges she is legally visually impaired and cannot use a computer without the assistance of a screen reader. Compl. at 5, Dkt. No. 1. Plaintiff also properly alleges Defendant owns and operates a place of public accommodation. The complaint states that Defendant operates a website that sells women's intimate apparel, Compl. at 5, Dkt. No. 1, which fits within the category of a public accommodation. *McCabe v. Tire Web LLC*, No. 23-CV-459-PP, 2024 WL 4144200, at *5 (E.D. Wis. Sept. 11, 2024). Finally, Plaintiff has established that the Defendant discriminated against her due to her disability. Plaintiff alleges she accessed Defendant's website to purchase women's intimate apparel but "encountered accessibility barriers that significantly hindered her ability to complete the purchase." Compl. at 12, Dkt. No. 1. Specifically, Plaintiff alleges the following access barriers: "inaccurate heading hierarchy, inadequate focus order, inaccessible contact information, changing of content without advance warning, inaccurate alt-text on graphics, inaccessible drop-down menus, redundant links where adjacent links go to the same URL address, and the requirement that transactions be performed solely with a mouse." *Id.* at 8. These allegations are sufficient to establish discrimination on the basis of Plaintiff's disability. *See*

*McCabe*, 2024 WL 4144200, at *6. The Court concludes that Plaintiff's complaint sufficiently alleges a cause of action under Title III of the ADA and that default judgment is appropriate.

Plaintiff also seeks injunctive relief requiring the Defendant to remediate the access barriers on its website and bring the website into compliance with the ADA. Injunctive relief is appropriate when a Plaintiff can show "(1) that [she] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). Plaintiff has suffered irreparable injury because the access barriers on Defendant's website make it impossible for Plaintiff to make a purchase. Compl. at 13, Dkt. No. 1. Additionally, because monetary damages are unavailable under Title III of the ADA, there is no other remedy at law for Plaintiff's injuries. *McCabe*, 2024 WL 4144200, at *6. Further, Plaintiff will suffer the greater hardship in the absence of an injunction because, without an injunction, Plaintiff will continue to be unable to make a purchase from Defendant's website. *McCabe*, 2024 WL 4144200, at *7. Finally, the public interest will be served by an injunction because there is a strong public interest in eliminating discrimination against individuals with disabilities. *Id.* Plaintiff has demonstrated that she is entitled to injunctive relief under the ADA.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for default judgment (Dkt. No. 12) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant is enjoined from discriminating against individuals with disabilities and must comply with all sections of the ADA. Specifically, Defendant must remediate its website and bring it into compliance with the ADA by removing

accessibility barriers so that it is accessible to blind or low-vision individuals within thirty days. If Defendant fails to do so, Defendant is enjoined from operating, utilizing or maintaining their website until it fully complies with the requirements of the ADA.

**IT IS FURTHER ORDERED** that Plaintiff is entitled to recover her attorney's fees, costs, expert fees, and litigation expenses.

Dated at Green Bay, Wisconsin this 10th day of September, 2026.

William C. Griesbach
United States District Judge